351 So.2d 143 (1977)
STATE of Louisiana
v.
Leo J. MULLER, Sr.
No. 59929.
Supreme Court of Louisiana.
October 10, 1977.
*144 John W. Reed, Martzell & Montero, New Orleans, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Fred P. Harper, Jr., Asst. Dist. Attys., for plaintiff-relator.
CALOGERO, Justice.
Defendant Leo J. Muller, Sr. while on the premises of Schwegmann Brothers Super Market, 5300 Gentilly Road in the City of New Orleans, is alleged to have indecently and publicly exposed his person with the intent of arousing sexual desire, the crime of obscenity proscribed by R.S. 14:106(A)(1).[1] The charge is a misdemeanor punishable by a fine of not less than $100.00 nor more than $2,000.00, or by imprisonment in the parish prison for not more than one year, or both. The issue we now review is whether defendant Muller was adequately informed of his right to trial by jury on this charge.
Defendant was charged by information in the criminal district court for the Parish of Orleans. His case was allotted to the magistrate section and assigned to Magistrate Robert Collins.[2] Defendant did not personally appear at his arraignment, but his retained counsel did appear, entered a not guilty plea,[3] and advised the court that defendant was aware of his right to a jury trial[4] but did not desire to have one.
Several weeks later defendant was tried by the magistrate in a bench trial and convicted. His motion for new trial and motion in arrest of judgment were denied, and he was sentenced to pay a fine of $250.00 and costs plus sixty days in parish prison. The prison term was suspended and defendant was placed on one year probation with the special condition that he obtain psychiatric evaluation at his own expense.
Defendant appealed to the appellate division of criminal district court, relying on five assignments of error, including the trial court's refusal to grant his motion in arrest of judgment premised on his not having knowingly and intelligently waived his right to trial by jury. The appellate division remanded the case to the trial court for an evidentiary hearing on the question of whether or not defendant was personally informed of his right to a trial by jury and whether he knowingly and intelligently waived that right.
At the hearing on remand, defendant's trial attorney testified that he had spoken to his client about a jury trial prior to arraignment. He testified as follows:

*145 "Q. What did you advise your client at that time?
A. Concerning?
Q. Concerning the arraignment, prior to the arraignment date?
A. All right. It was my impression that it wasn't necessary for him to be here for the arraignment. Perhaps I was in error, I don't know. In any rate, in a very brief conversation, I said, `Mr. Muller, you have a right to a jury in this, but in my opinion I don't think we want one.' And it was just that brief. And he said, `Okay.'
Q. His response was what?
A. Well, he left it in my discretion."
The trial judge relied on this testimony, as well as the transcript of defendant's arraignment in which it was shown that counsel asserted that defendant did not want a jury trial, to hold that defendant had knowingly and intelligently waived his right to jury trial.
Again the issue was appealed to the appellate division. That court reversed the trial judge's holding. The appellate division, which has jurisdiction to review questions of law and findings of fact, see R.S. 13:1337, reviewed the record, especially the hearing testimony of the trial attorney quoted above, and found that defendant Muller had not knowingly and intelligently waived his right to trial by jury. In its written reasons the court stated that: "the record is silent as to defendant's knowledge and intent in regard to the waiver;" "the record is bare as to any indication of an intelligent and voluntary waiver by the defendant;" the counsel's testimony failed "to satisfy the statutory requirement of a knowing and intelligent waiver of trial by jury;" and there was no manifestation of an effective waiver of right to jury trial. Accordingly, the appellate division found merit in the pertinent assignment of error, made no determination as to defendant's remaining assignments, reversed defendant's conviction and remanded the case for a new trial.
After unsuccessfully seeking a rehearing, the state applied for writ of review to this Court, arguing that under our jurisprudence the court below had erred in its holding that defendant Muller had not properly waived his right to a jury trial. We granted review. 346 So.2d 715 (La.1977).
The issue now before us is whether the appellate division erred when it found that defendant herein did not knowingly and intelligently waive his constitutional right to a trial by jury.
The right to a jury trial protected by both our state and federal constitutions, holds a place of major importance in the panoply of rights afforded a person accused of a crime. U.S.Const. sixth amend.; La. Const. art. I, §§ 16, 17; Duncan v. Louisiana, 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Before a defendant can enter a valid guilty plea, an action that waives his right to trial by jury as well as other rights, he must himself knowingly and intelligently waive his rights. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We have held that when a defendant elects a judge trial, the jury waiver attendant thereon must likewise be knowingly and intelligently made. State v. McCarroll, 337 So.2d 475 (La.1976). We stated there that "we must indulge every reasonable presumption against waiver of this, fundamental right." State v. McCarroll, supra at 480.
The state acknowledges this standard, but argues that our decisions in State v. Sharp, 338 So.2d 654 (La.1976), State v. Ardoin, 340 So.2d 1362 (La.1976) and State v. Sewell, 342 So.2d 156 (La.1977) support the view that the court below erred.
In State v. Sharp, supra, defendant personally appeared at his arraignment, pled not guilty, and was subsequently convicted by a jury. He argued on appeal that because he was not specifically informed by the judge at arraignment that he could waive his right to jury trial and elect instead a judge trial, as set out in Article 780 of the Code of Criminal Procedure,[5] his *146 conviction should be reversed. We refused to reverse defendant's conviction on this basis. Because we were satisfied that defendant actually had been informed by counsel of the fact that he could have waived his right to jury trial, we found that there was no reversible error in that instance simply because the trial judge failed to comply with the statutory directive of Article 780. There we stated:
"We do not sanction and will not hold to a hard and fast rule to the effect that failure of the court to verbalize the option [to waive jury trial] at arraignment of defendant necessarily constitutes reversible error. We are satisfied in this case that defendant was aware of his option through advise of counsel and opted to be tried by jury and not waive that right." 338 So.2d at 660.
Thus, we held in Sharp that when a defendant is not informed by the judge at arraignment as required by Article 780 of his option to waive his right to jury trial, we would not reverse the conviction absent a showing of prejudice.
In State v. Ardoin, supra and State v. Sewell, supra, we again faced situations in which defendants proceeded to trial before a jury. The issue on appeal in both cases was simply whether their right to waive the jury had been violated by the courts' failure to comply with the Article 780 requirement that a defendant be advised of his right to waive a jury trial. In both of these cases we reaffirmed our holding in Sharp, found no prejudice in the trial judge's failure to comply with the statutory directive, and affirmed defendants' convictions.
These holdings, therefore, do not support the state's position in the case now before us because defendants in those three cases, unlike defendant here, were actually tried by jury, and it was their lesser right to waive jury trial that was at issue, not their constitutional right to have a jury trial. We were concerned in Sewell with similar differences when we distinguished between the primary constitutional right to waive a jury trial and the secondary statutory right to be informed of that right. We therefore find our decisions in Sharp, Ardoin, and Sewell distinguishable from the issue we now face.
In the case before us, the appellate division found that on the record before it defendant Muller did not knowingly and intelligently waive his right to a trial by jury. The court considered the fact that defendant did not personally appear before the judge, the brief nature of the conversation between counsel and client, and the tactical posture in which the communication was couched, and held that these circumstances did not reflect a knowing and intelligent waiver. The Court did not hold that a valid waiver can be made only by a defendant's personal appearance before a judge, but stated:
"Although a court may not always specifically advise a defendant of his right to trial by jury, there must always exist a manifestation of an effective waiver. The record in the present case fails to establish an effective waiver of jury trial. Therefore, the defendant was denied his right to trial by jury based on an ineffective waiver of that right. When such a fundamental right is involved, and there exists no proof of a voluntary waiver, the court must presume against a waiver."
We affirm. The right of jury trial in criminal cases is fundamental to our system of justice. Duncan v. Louisiana, supra. Conversely, there is no federal constitutional right not to be tried by jury, except in the very unusual case where a fair jury trial is impossible or unlikely. United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968); Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). When a defendant waives his fundamental right to jury trial, that waiver must be knowingly and intelligently made. State v. McCarroll, supra.
*147 Defendant urges us to adopt a rule whereby no jury waiver can be effective, even in a case where defendant can plead guilty through his attorney, unless the record reflects that the accused was personally informed by the judge of his right to jury trial. We refuse to adopt such an absolute rule in this type of case where the law specifically allows defendant to plead guilty through his attorney. See State v. Sharp, supra; C.Cr.P. art. 553.
Nevertheless, there can be no doubt that when an accused purports to waive a fundamental constitutional right, no waiver can be effective unless it is done knowingly and intelligently by an accused who understands the consequences of his action. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1937). We are impressed with the appellate division's statement of the law in this area, and we are equally impressed with the fact that that tribunal with its fact-finding powers has apparently found as a fact that defendant Muller did not knowingly and intelligently waive his right to trial by jury. Under these circumstances, we affirm the ruling of the court below and remand the case for new trial.
Because of our disposition of the case, we do not face the other very serious issues raised herein, for example, whether defendant's action in exposing himself in a supermarket constitutes a violation of R.S. 14:106(A)(1) which forbids exposure "in any location or place open to the view of the public or the people at large such as a street, highway, neutral ground, sidewalk, park, beach, river bank or other place or location viewable therefrom . . . ."
For the reasons above, we affirm the action of the appellate division of the criminal district court and remand the case to the magistrate for further proceedings not inconsistent with the views expressed herein.
SANDERS, C. J., dissents.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I find no abuse of discretion in the trial judge's finding that defendant had knowingly and intelligently waived his right to trial by jury. Accordingly, I respectfully dissent.
NOTES
[1] Louisiana Revised Statute 14:106(A)(1) makes criminal the intentional "[e]xposure of the genitals, pubic hair, anus, vulva or female breast nipples in any location or place open to the view of the public or the people at large such as a street, highway, neutral ground, sidewalk, park, beach, river bank or other place or location viewable therefrom with the intent of arousing sexual desire."
[2] The criminal district court is comprised of ten sections separately presided over by ten judges, as well as a magistrate section composed of one magistrate and three commissioners. La.R.S. 13:1335, 1346, 1347. Under the authority of R.S. 13:1346(D) the ten judges have by court order approved the bench trial of misdemeanor cases in the magistrate section, but no jury trials can be conducted in that section. If a defendant whose case has been allotted to magistrate section has a right to trial by jury and does not waive that right, his case will be re-allotted to one of the ten sections of criminal district court, pursuant to court rule.
[3] In any misdemeanor case, the accused may plead not guilty through counsel and need not personally appear. C.Cr.P. art. 553.
[4] Because defendant's fine upon conviction for this offense could have been in excess of five hundred dollars and his term of imprisonment could have been in excess of six months, the accused was entitled to a trial by jury. La. Const. art. I, § 17; C.Cr.P. art. 779; Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); State v. Seals, 255 La. 1005, 233 So.2d 914 (1970).
[5] Article 780 of the Code of Criminal Procedure provides: "A defendant charged with any offense except a capital offense may knowingly and intelligently waive a trial by jury and elect to be tried by the court. At the time of arraignment, the defendant in such cases shall be informed by the court of his right to waiver and election."