414 So.2d 373 (1982)
STATE of Louisiana
v.
Byron GRANT.
No. 81-KA-2853.
Supreme Court of Louisiana.
May 17, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Clifford Strider, William R. Campbell, Asst. Dist. Attys., for plaintiff-appellee.
John J. Dolan, New Orleans, for defendant-appellant.
GAUDIN, Justice Pro Tem.[*]
Byron Grant was found guilty of LSA-R.S. 14:95.1, possession of a firearm by a previously convicted felon, and he argues that there was insufficient evidence on which to sustain his conviction.
A 12-person jury did not agree with this contention, nor do we.
On February 22, 1981, a police officer responded to a disturbance at a residence where Grant was in possession of a handgun.
Grant testified that the weapon belonged to Rose Porter, his aunt, and that he had taken it from her after she became excited and "... pulled a pistol from her purse."
Further, Grant said that he was walking from the house to place the gun in his truck just as the policeman arrived.
The officer said that when he reached the residence "... there was a big commotion going on ..." involving several people, including Grant.
"Accusations were shouted back and forth," according to the policeman, and Grant was asked by the officer if he had a weapon. Grant said yes, and produced a loaded .22 caliber pistol from his rear pocket. The serial number had been filed off, and Grant was originally booked with having a concealed weapon.
The charge was later changed when the District Attorney learned that Grant had previously been convicted of simple burglary and had served 18 months in Orleans Parish prison.
Miss Porter provided the jury with a third version of the events that occurred at the residence. The pistol was indeed hers, she said, and she had it in her possession because she was "... upset because, you know, they shot at my daughter."
When the police officer arrived, Miss Porter stated, Grant was "... moving the hi-fi down the step, him and another man, and the lady pointed him out, the landlord next door pointed him out..."
This Court does not know, of course, precisely what findings of fact were made by *374 the jury. If Miss Porter's version was the one relied on, and she was a prime defense witness, then Grant had ample time to hand the pistol to someone else or to otherwise remove it from his person before "... moving the hi-fi down the step..."
The jury might have been persuaded by the police officer's account and could well have concluded that Grant should have disposed of the pistol before the "big commotion" started.
The instant facts are somewhat similar to those in State v. Clement, 368 So.2d 1037 (La.1979), where the defendant unsuccessfully urged the defense of justification for the weapon possession. If there is reasonable time for the convicted felon to divest himself of a weapon, no matter how obtained, he must do so.
Only Grant's testimony suggests a very brief lapse between the time he obtained the weapon and his encounter with the officer, and apparently the jury disregarded this possibility.
The trial judge, incidentally, did not read a justification charge to the jury, and the record does not reflect that Grant's attorney requested such a charge.
There was sufficient evidence to support Grant's jury conviction and three-year sentence, and we affirm.
NOTES
[*] Judge H. Charles Gaudin of the Court of Appeal, Fifth Circuit, and Judges Israel M. Augustine, Jr. and Philip C. Ciaccio of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Ad Hoc joined by Justices Calogero, Dennis, Watson and Lemmon.