702 So.2d 351 (1997)
STATE of Louisiana, Appellee,
v.
Anthony Mark MANDIGO, Appellant.
No. 29913-KA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1997.
Opinion on Rehearing December 15, 1997.
Rehearing Denied February 5, 1998.
*352 Stephen Glassell, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul Carmouche, District Attorney, Karen Avery, Assistant District Attorney, for Appellee.
Before BROWN, STEWART and PEATROSS, JJ.
BROWN, Judge.
On September 24, 1995, defendant, Anthony Mandigo, was ticketed for playing loud music and driving without a license. Mandigo was the driver and sole occupant of a 1974 maroon Chevrolet Impala. The patrol officers saw on the front bench seat of the vehicle a .380 semi-automatic Bersa pistol loaded with a magazine. The gun was in the middle of the seat next to Mandigo.
Mandigo, who had a prior conviction in 1993 for possession of cocaine with intent to distribute,[1] was charged with possession of a *353 firearm by a convicted felon. After waiving trial by jury, Mandigo was tried by the court on December 2, 1996. He was found guilty and sentenced to the statutory minimum term of ten years at hard labor without the benefit of probation, parole or suspension. A $1,000 fine was also imposed, but suspended. Defendant appeals. We affirm.

Discussion

Jury Trial Waiver
Defendant first asserts that his jury trial waiver was invalid.
The right to trial by jury in felony and certain misdemeanor cases is protected by both the federal and state constitutions. U.S. Const. Sixth Amendment; La. Const. art. I, §§ 16, 17; State v. Muller, 351 So.2d 143 (La.1977). A waiver of trial by jury must be knowing and intelligent. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); La.C.Cr.P. art. 780; State v. Muller, supra; State v. McCarroll, 337 So.2d 475 (La.1976).
La.C.Cr.P. art. 780 provides that at arraignment, a defendant shall be informed of his right to waive trial by jury. Louisiana courts have noted that the preferable practice to evidence a waiver is for the trial judge to require defendant to personally waive the right, either in writing or orally. State v. Wilson, 437 So.2d 272 (La.1983); State v. Kahey, 436 So.2d 475 (La.1983). Nevertheless, the Louisiana Supreme Court has specifically refused to adopt an absolute rule that a jury waiver can not made by defendant's attorney. State v. Phillips, 365 So.2d 1304 (La.1978), cert. denied, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979); State v. Muller, supra.
Defendant's attorney can waive his right to a jury trial when defendant is considered to have understood his right and consented to such a waiver. State v. Phillips, supra; State v. Houston, 94-592 (La.App. 5th Cir. 12/14/94), 648 So.2d 948; State v. Richardson, 575 So.2d 421 (La.App. 4th Cir.1991), writ denied, 578 So.2d 131 (La.1991).
In this case, on October 17, 1995, defendant appeared in court with his counsel, waived arraignment and pled not guilty to the charge. The court specifically informed defendant that he could waive his right to trial by jury and elect to be tried by a judge. A year later, on October 14, 1996, defendant was present in court with his counsel. On this date, defendant's counsel stated that, "Mr. Mandigo would like to waive his right to a jury trial," and "by agreement would ask that this judge trial be set for December 2nd." Defendant made no objection to his counsel's assertions. Defendant was present during the trial on December 2, 1996, and made no objection to being tried without a jury. Furthermore, at the trial, defendant testified.
The choice not to testify is also a fundamental constitutional right. In this, as in many cases, defendant was called as a witness by his attorney without being informed by the court that he did not have to testify and without a waiver of such right. Knowledge of the right and its waiver were implied.
Defendant's trial testimony clearly evidenced his awareness and ability to understand and respond appropriately. Obviously, Mandigo desired to testify and knew he was being tried by the judge.
We find no error in the trial court's determination that defendant knowingly and intelligently waived trial by jury. Defendant was expressly informed at his arraignment of his right to trial by either judge or jury. Furthermore, defendant was present in open court when his counsel announced "Mr. Mandigo" chose to waive his right to a jury trial; defendant made no objection. Defendant also heard that an agreement was reached to set the trial date six weeks later. Defendant was present at trial and testified on his own behalf. Under these circumstances, this assignment is without merit.

Sufficiency of the Evidence
Defendant next asserts that the evidence was insufficient to support his conviction.
To support a conviction of possession of a firearm by a convicted felon, the state must prove beyond a reasonable doubt possession of a firearm, prior conviction of an enumerated felony within the ten year statutory time limitation and general intent to commit the offense. La.R.S. 14:95.1; State *354 v. Tatum, 27,301 (La.App. 2d Cir. 09/27/95), 661 So.2d 657.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence both direct and circumstantial, in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La. 1992).
It is the function of the judge or jury to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993); State v. Bonnett, 524 So.2d 932 (La.App. 2d Cir.1988), writ denied, 532 So.2d 148 (La.1988). In the absence of internal contradiction or irreconcilable conflict with the physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for the requisite factual conclusion. State v. Reaves, 569 So.2d 650 (La.App. 2d Cir.1990), writ denied, 576 So.2d 25 (La.1991); State v. Shepherd, 566 So.2d 1127 (La.App. 2d Cir.1990).
In the instant case, Officer Carlos Below testified that the gun was in plain view in the middle part of the front seat, just to the right of where the driver (defendant) would sit. The officer further testified that where the gun was positioned, the driver could have reached over and touched it and that no one else was in the vehicle when defendant was stopped.
The evidence established that defendant had been convicted of possession of cocaine with intent to distribute on May 20, 1993. After the state closed its case, defendant testified that he was aware that because of this prior conviction, he was not supposed to be around or possess a firearm.
Defendant called three witnesses in his defense. His mother added nothing to the case except to state that Yolanda Lewis, defendant's girlfriend, did not live with her and defendant at 6025 Tulsa.
Yolanda Lewis testified that she and defendant had a child together. Ms. Lewis stated that the gun found on the seat of defendant's car was hers; according to Ms. Lewis, she bought the gun for safety reasons. On the day of defendant's arrest, Ms. Lewis testified that: she used defendant's car to go the washateria; she had tucked the gun into the side pocket of the baby's diaper bag; she took the car back to defendant and he dropped her and the baby off at her aunt's house; once inside her aunt's house, she noticed that the gun was missing; she immediately beeped defendant on his pager to tell him about the gun. Instead of calling Ms. Lewis, however, defendant returned to her aunt's house. According to Ms. Lewis, she was walking toward defendant's car, which was parked in front of her aunt's house, to get her gun when the police pulled up behind defendant and arrested him. Ms. Lewis surmised that the gun must have fallen out of the side pocket of the diaper bag.
Defendant's account was essentially the same as that of Ms. Lewis. According to defendant, it was only when his girlfriend beeped him that he looked down and saw the gun in the seat; he then immediately went back to Ms. Lewis's aunt's to return the gun. Defendant admitted knowing that he was not supposed to be around weapons because of his conviction for possession of cocaine with intent to distribute. He stated emphatically that he has not possessed a weapon since he has been on probation. Defendant testified that when he saw the gun, he did not know what to do with it other than to return it to his girlfriend. Both Ms. Lewis and defendant's mother stated that they had never known defendant to carry a weapon.
There were some inconsistencies in the defense's presentation. Ms. Lewis stated that defendant dropped her off at her aunt's house about 4:15 p.m. Both defendant and Ms. Lewis testified that defendant got back to Ms. Lewis's aunt's house approximately ten minutes after dropping her off at the residence. The prosecution pointed out that defendant was not arrested until 4:50 p.m. and questioned defendant about what occurred during the 35 minute interval. Defendant, however, insisted that he dropped *355 his girlfriend off and was returning home when he was beeped by her; it was then that he went back to Ms. Lewis's.
The state also asked Ms. Lewis why the receipt for the purchase of the gun listed defendant's residence on Tulsa Street as her address. Ms. Lewis denied living at defendant's address, but claimed that she made a mistake and gave the wrong address when she purchased the gun. Defendant denied knowledge of Ms. Lewis's ownership of the weapon and stated that he had never seen the gun until the day he was arrested.
Constructive possession of a firearm satisfies the possessory element of La. R.S. 14:95.1. State v. Day, 410 So.2d 741 (La.1982); State v. Wesley, 28,941 (La.App. 2d Cir. 12/13/96), 685 So.2d 1169. Constructive possession occurs when a firearm is subject to defendant's dominion and control. Id.; State v. Washington, 605 So.2d 720 (La. App. 2d Cir.1992), writ denied, 610 So.2d 817 (La.1993). Constructive possession can be established if the weapon is subject to the felon's dominion and control even if it is only temporary in nature and even if the control is shared. State v. Wesley, supra; State v. Bailey, 511 So.2d 1248 (La.App. 2d Cir.1987), writ denied, 519 So.2d 132 (La.1988). If there is a reasonable time for the felon to divest himself of the weapon, no matter how it was obtained, he must do so. State v. Grant, 414 So.2d 373 (La.1982).
Defendant's testimony establishes that he was aware that his status as a felony offender precluded him from possessing a firearm. Defendant had control over the car and its contents at the time of his arrest. Officer Below testified about the location of the gun and defendant admitted that the gun was right next to him on the front seat. Defendant's unrestricted and immediate access to a visible weapon in a vehicle under his control satisfies the "dominion and control" requirement. It was within the trial court's discretion to evaluate and reject in part the testimony of defendant and his girlfriend. This assignment of error is without merit.

Excessiveness of Sentence
Lastly, defendant urges that his sentence is excessive. Although the sentence imposed by the trial court is the statutory minimum sentence for the offense of conviction, defendant is particularly aggrieved because he was subject to a greater penalty due to a change in the law shortly before his arrest.[2] Defendant argues that the trial court has the authority to sentence him below the statutory minimum sentence if the court finds the minimum sentence to be constitutionally excessive. Defendant further submits that if the trial court had granted defendant's new counsel's request for a continuance at the sentencing hearing, he would have presented evidence about defendant's character and background that would have shown that the sentence was constitutionally excessive.
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La.App. 2d Cir. 01/19/94), 631 So.2d 555; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate when the crime and punishment, considered in light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985); State v. Strange, 28,466 (La.App. 2d Cir. 06/26/96), 677 So.2d 587; State v. Tuttle, 26,307 (La.App. 2d Cir. 09/21/94), 643 So.2d 304.
*356 Defendant's argument that because he was arrested only 39 days after the effective date of the amendment to La.R.S. 14:95.1, he should be sentenced under the old law, is without legal basis. Defendant was convicted of one of the felonies enumerated in La.R.S. 14:95.1 and was found to be in possession of a firearm after the effective date of the amendment. Defendant has presented no evidence to show that in this case the statutory minimum sentence is constitutionally excessive.
Defendant further asserts that had his new counsel been granted a continuance of the sentencing hearing, he could have presented character and mitigating evidence. We note, however, that defendant had been found guilty and the case had been set for sentencing for over a month. Furthermore, defendant was sentenced to the statutory minimum term. We find no abuse of the trial court's discretion in its refusal to grant a continuance. This assignment of error is without merit.

Error Patent Review
At the sentencing hearing, the trial judge stated, "Under Article 930.8, you have three years to pursue any post-conviction relief remedies to which you are accorded by law. Any questions about that should be directed to your attorney." Simply informing defendant that he has three years in which to apply for PCR, without also informing him that the prescriptive period begins to run when the judgment of conviction becomes final, constitutes error patent. The district court is ordered to send defendant written notice setting forth article 930.8's prescriptive period and to place into the record evidence of defendant's receipt of such notice.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.
STEWART, J., dissents and assigns written reasons.
STEWART, Judge, dissenting.
The majority incorrectly holds that the record is sufficient to demonstrate that defendant knowingly and intelligently waived his right to a jury trial as required by law. State v. Muller, 351 So.2d 143 (La.1977); State v. McCarroll, 337 So.2d 475 (La.1976). See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Every reasonable presumption must be indulged against the waiver of the fundamental right to a trial by jury. State v. McCarroll, supra. A waiver of a right to jury trial must be expressed and will never be presumed from a silent record. State v. Wilson, 437 So.2d 272 (La.1983); State v. McCarroll, supra. On appeal, the record must show some manifestation of an effective waiver. State v. Muller, supra. Defendant's counsel can waive his right to a jury trial when defendant is considered to have understood his right and consented to such a waiver. State v. Phillips, 365 So.2d 1304 (La.1978), cert. denied, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979).
The record does not support the majority's finding that the trial judge "specifically informed defendant that he could waive his right to trial by jury and elect to be tried by a judge." Although the minutes note that, at arraignment, the court informed defendant of his right to a jury trial, no transcript of this colloquy between the trial court and defendant is included in the record. The transcript of the October 14, 1996 hearing wherein counsel waived defendant's right to jury trial does not reflect that counsel had advised or consulted with defendant prior to waiving the jury or that defendant had consented to the waiver. See State v. Page, 541 So.2d 409 (La.App. 4th Cir.1989).
I find that the record silent and insufficient to support defendant's knowing and intelligent waiver of his right to a jury trial. Therefore, I would remand this matter to the trial court for an evidentiary hearing regarding the waiver with instructions to set aside the conviction and grant a new trial if evidence presented at the hearing shows that defendant's waiver was ineffective. See State v. James, 94-720 (La.App. 5th Cir. *357 5/30/95), 656 So.2d 746; State v. Cappel, 525 So.2d 335 (La.App. 1st Cir.1988).
For the foregoing reasons, I respectfully dissent.
Before MARVIN, BROWN, WILLIAMS, STEWART and PEATROSS, JJ.

On Rehearing
STEWART, Judge.
A defendant's knowing and intelligent waiver of his right to a jury trial must be sufficiently demonstrated by the record. State v. Muller, 351 So.2d 143 (La.1977); State v. McCarroll, 337 So.2d 475 (La.1976). See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Every reasonable presumption must be indulged against the waiver of the fundamental right to a trial by jury. State v. McCarroll, supra. A waiver of a right to jury trial must be expressed and will never be presumed from a silent record. State v. Wilson, 437 So.2d 272 (La.1983); State v. McCarroll, supra. On appeal, the record must show some manifestation of an effective waiver. State v. Muller, supra. Defendant's counsel can waive his right to a jury trial when defendant is considered to have understood his right and consented to such a waiver. State v. Phillips, 365 So.2d 1304 (La.1978), cert. denied, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979).
In the instant case, the record does not support a finding that the trial judge "specifically informed defendant that he could waive his right to trial by jury and elect to be tried by a judge." Although the minutes note that, at arraignment, the court informed defendant of his right to a jury trial, no transcript of this colloquy between the trial court and defendant is included in the record. The transcript of the October 14, 1996 hearing wherein counsel waived defendant's right to jury trial does not reflect that counsel had advised or consulted with defendant prior to waiving the jury or that defendant had consented to the waiver. See State v. Page, 541 So.2d 409 (La.App. 4th Cir.1989).
We find the record silent and insufficient to support defendant's knowing and intelligent waiver of his right to a jury trial. Therefore, we remand this matter to the trial court for an evidentiary hearing, to be held within 45 days of remand, for determination of whether Mandigo knowingly and intelligently waived his right to a jury trial. We further instruct the trial court to set aside the conviction and grant a new trial if evidence presented at the hearing shows that defendant's waiver was ineffective. See State v. James, 94-720 (La.App. 5th Cir. 5/30/95), 656 So.2d 746; State v. Cappel, 525 So.2d 335 (La.App. 1st Cir.1988). However, if the trial court determines that the waiver was effective, the appeal should be transferred back to this court for review. In either case, the trial court is instructed to notify this court of its decision within 10 days of the hearing.
REMANDED WITH INSTRUCTIONS.
BROWN, J., dissents with reasons.
PEATROSS, J., dissents for reasons stated in dissenting opinion of BROWN, J.
BROWN, Judge, dissenting on rehearing.
In addition to the reasons set forth in the original opinion, the following facts should be noted.
At defendant's initial arraignment on October 17, 1995, he was represented by court appointed counsel and was informed, as required by La.C.Cr.P. art. 780, that he had the right to waive trial by jury. After several trial continuances, on October 14, 1996, defendant's case was called for trial before a jury, and the state announced that it was ready to proceed. At this time, defendant, in court with retained counsel, waived his right to a jury trial. Although the waiver was not timely, it was allowed by the trial court. A trial date was set by agreement for December 2, 1996. Thus, by waiving a jury trial, defendant obtained a six-week continuance.
At trial defendant testified and clearly set forth his defense. Defendant was present on all of the above occasions and voiced no objection to being tried without a jury. After conviction, defendant retained another attorney for sentencing and appeal. Under these circumstances, I would find that retained counsel's waiver of defendant's right *358 to a jury trial was with his understanding and consent.
Before MARVIN, BROWN, WILLIAMS, STEWART and PEATROSS, JJ.

On Rehearing
PER CURIAM.
On rehearing, this court remanded this matter to the trial court for an evidentiary hearing and a determination of whether the defendant knowingly and intelligently waived his right to a jury trial. We further instructed the trial court to set aside the conviction and grant a new trial if evidence presented at the hearing showed that defendant's waiver was ineffective. The trial court has now complied with this court's instructions on remand, found the waiver of jury trial to be inadequate, set aside the conviction, vacated the sentence imposed and granted a new trial. Accordingly, we dismiss the instant appeal as moot.
NOTES
[1] His two year hard labor sentence was suspended and he was placed on probation for a year and a half.
[2] During the 1995 legislative session, the Louisiana legislature changed the penalty range for possession of a firearm by a convicted felon from three to ten years imprisonment at hard labor to a range of ten to fifteen years. This change became effective on August 15, 1995, some 39 days before defendant's arrest on September 24, 1995.