JjDREW, J.
Convicted at a bench trial of possession of a firearm by a convicted felon, Kelvin A. Simton was sentenced to the minimum prison term of ten years at hard labor without benefit of parole, probation, or suspension of sentence.[1] He now appeals. We affirm.
FACTS
It is undisputed that on Christmas night of 2001, Kelvin A. Simton was operating a black Hyundai, in the company of the following passengers:
• his girlfriend, Georgia Lee;
• their minor child, Kayla Lee;
• Georgia Lee’s brother, Owen Roberson;
• Owen’s wife, Tamala Roberson; and
• the three young Roberson children. The trial court apparently made these further findings:
• The defendant, who was drinking, began arguing with his girlfriend.
• He threatened to go to his mother’s house to get a gun.
• The defendant then drove to a residence in Keithville, Louisiana, exited the vehicle, and took the car keys with him. Ms. Lee had an extra set of keys to the vehicle with her, and when he got out, she left in the Hyundai.
• Ms. Lee drove to a Circle K on Youree Drive in Shreveport, where she stopped to use a pay phone.
• The defendant, now driving a Ford truck, pulled up behind the Hyundai.
• He got out of his vehicle holding a shotgun and threatened to shoot Ms. Lee.
• Owen Roberson exited the Hyundai to confront the defendant in defense of his sister.
!?• Roberson attempted to disarm the defendant and the weapon discharged, striking the front left quarter panel of the Hyundai while the minor children were still inside the vehicle.
• No one in the car sustained any injuries.
• The shotgun fell to the ground as the defendant and Owen Roberson were rolling back and forth on the Circle K parking lot.
• Tamala Roberson retrieved the firearm and leaned it against the wall of the Circle K store.
• Scott Richards, one of the Circle K clerks on duty that night, took the gun inside the store and secured it until the police arrived.
• The officers detained both the defendant and Owen Roberson.
• The defendant resisted arrest and attempted to run away from the police.
At trial, the state and the defense presented different versions of the altercation. However, independent witnesses provided corroboration for the state’s theory of the case, particularly that the defendant was *66 in possession of a shotgun as he pulled into the Circle K parking lot.
The defense witnesses (Georgia Lee, Owen Roberson, and Tamala Roberson) were not believed by the trial court. They testified that Ms. Lee had the shotgun in the trunk of the car and that SHE retrieved the gun to scare the defendant as the defendant and Owen Roberson began fighting. They alleged that the defendant had a pipe and not a gun in his hand when he exited the Ford truck.
However, the police did not recover a pipe or any other weapon, other than the shotgun, from the scene. Police officers did recover a 20-gauge single-shot shotgun, two live-shot 20-gauge shotgun rounds, and one spent round from the scene of the incident.
1 .DISCUSSION

Sufficiency of the Jury Trial Waiver

The defendant alleges that he lacked comprehension of what he was doing in giving up his right to a jury trial. He complains that the trial court failed to determine his literacy and competency, as it did not make any inquiries as to his educational background and his ability to read and write English. Admitting that he responded affirmatively to the questions put to him by the trial court, while represented by counsel, he nonetheless complains there was no showing that he was competent enough to understand the right he was giving up.
The right of a jury trial in criminal cases is fundamental to our system of justice. State v. Muller, 351 So.2d 143 (La.1977). A defendant’s knowing and intelligent waiver of his right to a jury trial must be sufficiently demonstrated by the record. State v. Mandigo, 29,913 (La.App.2d Cir.10/31/97), 702 So.2d 351, citing, State v. Muller, supra, and State v. McCarroll, 337 So.2d 475 (La.1976). In this instance, the record sufficiently indicates that defendant knowingly and intelligently waived his right to a jury trial. Excerpts from the transcript clearly support this conclusion:
Mr. Casey: We are ready and we’d like to waive a jury trial and be tried by the Court. We are talking about the possession charge?
Ms. Hall: That is correct.
By the Court:
Q. All right. Mr. Simton, you understand that you are charged with a | ¿felony, and because you are charged with a felony you are entitled to a trial by jury. Do you understand that?
A. Yes, sir.
Q. Do you understand also that you have the right to waive your right to a trial by jury and be tried by a judge?
A. Yes sir.
Q. All right. After discussing the matter with your attorney do you wish to waive your right to a trial by jury and be tried by a judge?
A. Yes sir.
Q. All right. So ordered. We’ll pass this matter temporarily. We are going to take the jury trials first.
The defendant never objected to the waiver of his right to a jury trial during trial, nor did he challenge the sufficiency of his waiver by filing a motion in arrest of judgment prior to sentencing. That being said, had the claim been addressed on the merits, this assignment of error must still fail, due to the clear verbalization of defendant in giving up this right in the presence *67 of his lawyer.[2] The trial court advised the defendant of his right to a jury trial and his ability to waive that right. In open court, the defendant himself waived his right to a trial by jury and elected to be tried by the judge alone. This colloquy, in its simple clarity, amply satisfies jurisprudential requirements for a jury trial waiver.

Sufficiency of the Evidence

The defendant argues that the evidence taken as a whole does not prove beyond a reasonable doubt that he possessed a firearm, in that three witnesses | .^testified that he never had the shotgun in his possession on the night in question. He further complains that the state’s witnesses were from Arkansas and only saw the defendant on one occasion.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App.2d Cir.9/18/02), 828 So.2d 622, writ denied, 02-2595 (La.3/28/03) 840 So.2d 566. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writs denied, 96-1459 (La.11/15/96), 682 So.2d 760, and 98-0282 (La.6/26/98), 719 So.2d 1048.
| (¡To support the conviction of possession of a firearm by a convicted felon, the state must prove beyond a reasonable doubt that: (1) defendant possessed a firearm; (2) defendant was convicted of a prior enumerated felony within the ten-year statutory time limitation; and (3) general intent to commit the offense. Possession must be intentional. General intent is shown when the proof shows that the perpetrator carried on his person a firearm. State v. Haddad, 99-1272 (La.2/29/00), 767 So.2d 682, cert. denied.
The state and the defense stipulated to the fact that the defendant was convicted of the charge of illegal use of a weapon in 1997. The state presented two independent witnesses who testified that they saw the defendant in actual possession of a 20-gauge shotgun in the parking lot of a Circle K convenience store on the night of December 25, 2001.
Although the defendant presented witnesses who testified that the defendant did not possess the shotgun, some of this testimony was inconsistent with:
*68 • prior statements made to the police on the night of the incident,
• prior testimonies during the preliminary examination, and
• actual physical evidence.
The record indicates that Tamala Roberson, a witness for the defense, gave a statement to police on the night of the incident. In that statement, she told police that Simton had stopped at a residence in Keithville, Louisiana, to get a gun, and that when Simton exited the car, Ms. Lee got into the driver’s seat and drove away. The record also indicates that Ms. Roberson told police that when Simton pulled up behind them in the Circle K parking lot, he exited his truck with a shotgun. During her trial testimony, Ms. Roberson denied |7making any such statements to the police and had totally changed her story, now testifying that Ms. Lee retrieved a shotgun out of the trunk of the Hyundai.
During the trial, Ms. Lee testified that Simton was armed with a pipe and not a shotgun. She testified that she retrieved the shotgun out of the trunk of the car she was driving. On cross examination, Ms. Lee admitted that she had not testified about the defendant having a pipe during her preliminary examination testimony. The record also indicates that there was no pipe recovered from the scene of the incident. Ms. Lee also testified in the preliminary examination that the shotgun belonged to her, and that it previously belonged to her grandmother. She testified that she had been familiar with the gun all her life. During the preliminary exam, Ms. Lee described the shotgun as a two-barrel shotgun. The record reveals that the shotgun recovered from the scene of the incident was a single-barrel shotgun.
The trial court heard the testimony, weighed the evidence, and made its witness-credibility decisions. The record supports the verdict of guilty. The state presented evidence that the defendant was in actual possession of a shotgun, that he was a convicted felon, and he had the general intent to commit the offense. Viewing all the evidence, a rational fact-finder could be convinced beyond a reasonable doubt that all elements of the crime of possession of a firearm by a convicted felon were present in this case. Therefore, this assignment of error is without merit.
DECREE
The defendant’s conviction and sentence are AFFIRMED.

. The sentence is illegally lenient in that violation of this statute requires a fine ranging from $1,000 to $5,000.

. The Louisiana Supreme Court, in a per cu-riam opinion, has recently allowed counsel to waive defendant’s right to a jury trial outside the presence of defendant, if the client’s decision was knowing and intelligent. State v. Pierre, 02-K-2665 (La.3/28/03), 842 So.2d 321.