CARAWAY, J.
 

 11 Following a bench trial, the defendant, Iisha Katrice Scott, was convicted of felony theft under La. R.S. 14:67 and sentenced to four years’ supervised probation with special conditions, including restitution in the amount of $12,000. Scott now appeals, alleging various assignments of error. Finding that the record does not sufficiently reflect that defendant waived her right to a jury trial, we remand with further instructions.
 

 Facts
 

 On July 6, 2007, Eric Martinovic, the Executive Team Leader of Assets Protection at a Target store located in Shreveport, was contacted by Target’s Central Sales Auditor concerning large cash shortages from the location’s cash office safe. After an internal investigation revealed suspicious behavior on the part of defendant, Iisha Katrice Scott, Target personnel contacted the Shreveport Police Department. Scott was subsequently arrested and charged by bill of information on August 18, 2007, with felony theft of more than $500 from Target in violation of La. R.S. 14:67.
 

 A bench trial commenced on August 11, 2009. Testimony was presented by Marti-novic and the investigating police officer on behalf of the state and by Scott in her defense. After considering the arguments and the evidence presented at trial, the trial court found Scott guilty as charged. The court alluded to several indicators of guilt, including surveillance video where the defendant appeared to be taking money from the safe, money found on her person wrapped in Target papers at the time of her arrest, and |2the fact that the defendant was scheduled and working on each day that money was reported missing. Defense waived sentencing delays and was thereafter sentenced to four years’ supervised probation contingent on special conditions including, among other things, full and complete restitution in the amount of $12,000. Subsequently, this appeal ensued.
 

 Discussion
 

 Scott assigns various errors, including insufficiency of the evidence to establish theft over $500, inappropriate consider
 
 *446
 
 ation by the trial court of surveillance video in light of the state’s failure to offer the tapes into evidence and error as to the amount of restitution demanded. However, we do not reach the merits of these claims, for we find that the record does not demonstrate that Scott intelligently and voluntarily waived her right to a jury trial.
 

 The right to trial by jury in felony and certain misdemeanor cases is protected by both the federal and state constitutions. U.S. Const. amend. VI; La. Const, art. I, §§ 16, 17;
 
 State v. Muller,
 
 351 So.2d 143 (La.1977). Although the right to a jury trial may be waived in a noncapital case, Article I, § 17 requires that the waiver be “knowingly and intelligently” made. Therefore, we must indulge every reasonable presumption against waiver of this fundamental right.
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); La.C.Cr.P. art. 780;
 
 State v. McCarroll,
 
 337 So.2d 475 (La.1976).
 

 A defendant’s knowing and intelligent waiver of his right to a jury trial must be sufficiently demonstrated by the record.
 
 State v. Muller, supra; State v. McCarroll, supra. See also Boykin v. Alabama, supra.
 
 A waiver of a right to jury trial must be express and will never be presumed from a silent record.
 
 State v. Wilson,
 
 437 So.2d 272 (La.1983);
 
 State v. McCarroll, supra.
 
 On appeal, the record must show some manifestation of an effective waiver.
 
 State v. Muller, supra.
 

 La.C.Cr.P. art. 780 provides that at arraignment, a defendant shall be informed of his right to waive trial by jury. Louisiana courts have noted that the preferable practice to evidence a waiver is for the trial judge to require defendant to personally waive the right, either in writing or orally.
 
 State v. Wilson, supra; State v. Kahey,
 
 436 So.2d 475 (La.1983). Nevertheless, the Louisiana Supreme Court has specifically refused to adopt an absolute rule that a jury waiver cannot be made by defendant’s attorney when defendant is considered to have understood his right and consented to such a waiver.
 
 State v. Phillips,
 
 365 So.2d 1304 (La.1978),
 
 cert denied,
 
 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979).
 

 In the instant case, the record does not support a finding that the trial judge “specifically informed defendant” that she could waive her right to trial by jury and “elect to be tried by a judge.”
 
 State v. Mandigo,
 
 29,913 (La.App.2d Cir. 10/31/97), 702 So.2d 351. Although the minute entry indicates that the defendant was made aware of her right to a trial by jury, the record does not demonstrate that the defendant voluntarily and knowingly waived that right. No colloquy between the trial court and defendant is included in the record, nor does any evidence exist showing that the right was waived by defendant’s counsel. We therefore find the record silent and insufficient |4to support defendant’s knowing and intelligent waiver of her right to a jury trial.
 

 We remand this matter to the trial court for an evidentiary hearing for a determination of whether Scott knowingly and intelligently waived her right to a jury trial.
 

 REMANDED.