STEWART, Judge.
Marvin Clay was convicted, after a bench trial, of possession of marijuana with intent to distribute. LSA-R.S. 40:966 A(l). He appeals the conviction on several grounds and asserts that his two and one-half year hard labor sentence is excessive. We affirm the conviction and sentence.
FACTS
On August 31, 1991, Marvin’s brother, Robert Henry Clay (Henry), and another man were arrested by Ouachita Parish Metro Narcotics for possession of approximately two pounds of marijuana. Information gained in this investigation indicated that the marijuana came from Sue Clay’s home in Caldwell Parish. Ms. Clay is Marvin’s mother. The authorities in Caldwell Parish were notified and permission to search the home was given by Ms. Clay. At the time of the seareh, Marvin was present at the residence, although he did not live there.
The officers asked Marvin if there was any marijuana in the residence. He unlocked a bedroom door in the home for them to gain entry. Inside the bedroom, the officers recovered marijuana from a metal ice chest, some of which was packaged and some of which was loose, and a set of scales. Several days later, they learned that this marijuana purportedly belonged to Marvin. He was then arrested.
After a bench trial, Marvin was convicted of possession of marijuana with intent to distribute and was sentenced to serve 30 months at hard labor. Neither Marvin nor the state filed a motion for reconsideration. Marvin appeals his conviction and sentence, challenging as error several trial court rulings and asserting that his sentence is excessive. We disagree.
DISCUSSION

Assignment of Error No. 1

Marvin contends that the trial court erred in allowing Deputy Joe Fore to testify as to hearsay statements made by Officer Paul Benjamin.
The assistant district attorney asked Deputy Fore what he had done after he had completed the search of the home where the marijuana was found. Deputy Fore replied:
Well, when we came back to the office and began to put the marijuana into the evidence bags, Deputy Parker advised that he was gonna call Metro and talk to Benjamin and tell him what we had found. And he put the phone on speaker. And he told him what we had found and that Henry Clay could be charged with it. And he said, “No, no, it’s not Henry Clay’s, it’s Marvin’s.” He said, “That’s where Henry got his from was from Marvin.”
Defense counsel objected at this point to the hearsay nature of the testimony. The assistant district attorney responded that the information was not being presented for the truth of the matter, but for the fact that the statement was made and that Deputy Fore partly based his investigation on the information he received from Deputy Parker.
On appeal, Marvin urges that this statement does not fall under any exceptions to *214 the hearsay rule, and even if the statement had been admissible, it should have been excluded due to its inflammatory effect and the inability of the defense to cross-examine the out-of-court declarant. By contrast, the state.maintains that the statement is proper as an explanation for the sequence of the investigation.
A police officer, in explaining his own actions, may refer to statements made to him by other persons involved in the case. This testimony is not hearsay if it is not admitted to prove the truth of the assertions, but merely to explain the events leading to the arrest of the defendant. State v. Watson, 449 So.2d 1321 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985); State v. McNair, 597 So.2d 1096 (La.App. 2d Cir.1992); State v. Wiley, 614 So.2d 862 (La.App.2d Cir.1993).
However, information received by a police officer during an investigation frequently has an impermissible hearsay aspect as well as a permissible non-hearsay aspect. State v. Wille, 559 So.2d 1321 (La.1990); State v. McNair, supra; State v. Wiley, supra. Whether the out-of-court assertions connect the defendant with the crime is a significant factor to be considered in determining the admissibility of such statements. However, the erroneous admission of such hearsay and irrelevant evidence does not require reversal unless there is a reasonable possibility that the evidence might have contributed to the verdict. State v. Wille; and State v. Wiley; both supra.
The out-of-court declarant, Deputy Benjamin, had testified at trial prior to Deputy Fore’s testimony. He had already stated that he had been told by Henry Clay that Henry got the marijuana from his brother, Marvin. Defense counsel also objected to this statement as hearsay, but the record does not show a ruling by the trial court. Additionally, Henry Clay testified that he received the marijuana from his brother, Marvin. Therefore, at the time of the objection at issue, the statement complained of was already in evidence through the prior testimony of Deputy Benjamin and Henry Clay. Moreover, in this bench trial, the trial court agreed that the statement would be considered only as an explanation of the direction taken in the investigation. Under these circumstances, we do not find that this statement contributed to the verdict. Even if the information was improperly admitted when Deputy Fore testified, it was harmless error. This assignment is without merit.

Assignment of Error No. 2

Marvin next asserts that the trial court erred in allowing State’s Exhibits 5 and 6 into evidence. Marvin argues that the statement he gave to the deputies should not have been admitted into evidence because the state failed to show that he had been advised of his Miranda rights and that the statement was given freely and voluntarily.
In State v. Jackson, 381 So.2d 485 (La.1980), and in State v. Morvant, 384 So.2d 765 (La.1980), the Louisiana Supreme Court stated the principles under which the admissibility of a confession must be judged. The Court first noted that as a matter of federal constitutional law, any confession obtained by any direct or implied promises, however slight, or by the exertion of any improper influence must be considered involuntary and inadmissible. Bram v. U.S., 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897). The Court stated in State v. Jackson, supra,
In Louisiana the statutorily mandated test for voluntariness is not whether a confession was induced by improper external forces but whether the confession was free and voluntary and “not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.” LSA-R.S. 15:451.
The conclusions of the trial court on the credibility and weight of testimony relating to the voluntariness of a confession are given great weight and will not be overturned unless they are not supported by the evidence. State v. Morvant, supra; State v. Jackson, supra; State v. Manning, 380 So.2d 46 (La.1980); State v. Gaines, 354 So.2d 548 (La.1978).
Deputy Fore testified that Marvin was arrested on September 4, 1991, and that his Miranda rights were read to him at that time. After his arrest, Marvin was released *215 on bail. On September 7, 1991, a statement was given by Marvin at the Caldwell Parish Sheriffs Office. Deputy Fore testified that Marvin was aware that his statement was being recorded; that he was informed of his Miranda rights; and that he signed a rights waiver form which was admitted into evidence. The deputy further stated that Marvin was not threatened or coerced at any time. He noted that Marvin did not appear to be intimidated or under the influence of alcohol or drugs. Additionally, no promises were made to Marvin who voluntarily came to the sheriffs office to give a statement. According to Deputy Fore, at no time during the statement did Marvin indicate that he wanted to stop the questioning or have an attorney present with him.
Deputy Fore’s testimony regarding the confession is corroborated by the transcript of Marvin’s statement. The Miranda rights form which Marvin signed is discussed and explained to him and he admits signing it. At the close of the statement, Marvin admitted that he had not been promised anything or threatened with anything as an inducement to give the statement. The record reveals more than sufficient evidence to support the trial judge’s conclusion that Marvin voluntarily gave the statement and was advised of his Miranda rights. The trial court properly admitted the confession into evidence.
Marvin argues further that a set of scales should not have been admitted into evidence because there was no evidence connecting him to the scales. He contends that the scales are not relevant to the case, especially because they were found in his mother’s house and not his.
The scales were actually found inside the ice chest which contained the marijuana. This ice chest was located in a locked room inside Sue Clay’s house. Marvin readily unlocked the door to the room for the deputies when they asked where in the house the marijuana was located. Further, Marvin’s confession reveals that he weighed out the marijuana that he gave his brother, Henry. He also stated that the marijuana was loose when he found it on the roadway, while the deputies recovered some packaged marijuana from the ice chest. This evidence indicates that Marvin used the scales to package the marijuana thus making their admission into evidence highly probative on the issue of intent to distribute. This assignment of error has no merit.

Assignment of Error No. S

By this assignment, Marvin asserts that the trial court erred in denying his motion for directed verdict of acquittal because (1) the bill of information contained the wrong citation and (2) the evidence was not sufficient to convict.
A motion for acquittal is not the proper method to question the validity of a bill of information because it is used as a means of challenging the sufficiency of the evidence. LSA-C.Cr.P. Art. 778 provides:
In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state’s evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
Marvin could have filed a motion to quash the indictment under LSA-C.Cr.P. Art. 532, et seq. The trial judge pointed this out to defense counsel during the trial. Defense counsel responded with an oral motion in arrest of judgment and indicated that a written motion would follow. There is no indication in the record that a written motion was filed. A motion in arrest of judgment shall be in writing, shall state the ground upon which it is based, and shall be tried contradictorily with the district attorney. LSA-C.Cr.P. Art. 860.
Regardless to how Marvin’s claims are couched, they are meritless. He claims that he was severely prejudiced because of the miscitation in the bill of information. The bill charged him with possession of marijuana with intent to distribute and cited LSA-R.S. 40:966(A)(2). This paragraph of LSA-R.S. 40:966 deals with the creation, distribution or possession with intent to distribute a counterfeit controlled dangerous substance classified as Schedule I. Marvin claims that this error prevented him from knowing the true nature of the charges *216 against him and could have allowed the state to convict him of either possession of marijuana with intent or possession of counterfeit marijuana with intent.
LSA-C.Cr.P. Art. 464 states:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his pi'ejudice.
Clerical errors in the citation of a statute in a bill of information will not warrant reversal where a defendant was adequately informed of the essential facts of the offense charged and was not misled. State v. Thomas, 572 So.2d 681 (La.App. 1st Cir.1990), writ denied, 604 So.2d 994 (1992) and State v. Dugas, 527 So.2d 610 (La.App. 3d Cir.1988), writ denied, 533 So.2d 15 (1988). The bill of information states on it three times that the defendant was being charged with possession of marijuana with intent to distribute. The proper citation for this offense is LSA-R.S. 40:966 A(1) and not LSA-R.S. 40:966 A(2). This is a clerical error and does not mandate reversal unless the defendant can show prejudice.
In an effort to show how he was prejudiced, Marvin argues that, if laboratory tests had shown that the seized substance was not marijuana, the state could have argued that he was being charged with possession of counterfeit marijuana and that “counterfeit” had been mistakenly left out of the charge. This argument is specious. The offense charged is plainly written out three times in the bill of information. Marvin was arraigned on possession of marijuana with intent to distribute.
Marvin alleges this error misled him to his prejudice, however, he does not state how he was prejudiced. He fails to demonstrate how his defense of the case was thwarted or even affected by this clerical error. This claim is devoid of merit.
Marvin also challenges the sufficiency of the evidence. He claims that there was no evidence beyond his own confession which linked him to the marijuana. LSA-C.Cr.P. Art. 821 provides that a motion for post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty. This is a question of legal sufficiency. State v. Combs, 600 So.2d 751 (La.App.2d Cir.1992), writ denied, 604 So.2d 973 (La.1992).
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App.2d Cir.1992).
The testimony of Henry Clay connected Marvin to the marijuana. Henry stated that he had traveled to his mother’s house because his brother, Marvin, had called him and told him that he had some marijuana for him. Henry testified that upon his arrival at his mother’s home, Marvin showed him the marijuana he found and then gave him some.
In his confession, Marvin stated that on his way to his mother’s house from his home in Winnfield he saw an ice chest on the road. He stopped and saw that it had marijuana in it and put it in his car. The next morning he took the marijuana into his mother’s house and locked it in the room he stayed in when he visited her. He called Henry and told him about the marijuana and told him to come get some. Marvin gave Henry about two pounds of marijuana for which Marvin expected to receive approximately $900 after Henry sold it.
Marvin admitted that he had cured and bagged some of the marijuana himself. Eleven small bags of suspected marijuana were found during the search of the house as well as an amount of unpackaged suspected marijuana. The items seized were tested at the North Louisiana Crime Lab in West Monroe and were conclusively determined to *217 be marijuana. Marvin stated that he had shown the deputies all the marijuana which was in the house when they came to search the house on August 31, 1991.
When the evidence is viewed in the light most favorable to the prosecution, a reasonable trier of facts could conclude beyond a reasonable doubt that the elements of the crime of possession of marijuana with intent to distribute had been proven. This assignment of error is without merit.
Assignment of Error No. J
Marvin’s final assignment of error is that the trial court erred in handing down an excessive sentence. This assignment of error was not briefed. Assignments of error which are neither briefed nor argued are considered abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA Rule 2-12.4; State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir. 1989).
ERROR PATENT REVIEW
The trial court minutes reflect that Marvin waived his right to have an attorney represent him at arraignment on October 1, 1991. He maintained his waiver of counsel on January 27, 1992 when he advised the trial court that he wished to waive trial by jury and have a judge trial. He has not complained on appeal about this uncounseled waiver of jury trial.
A waiver of jury trial must be made knowingly and intelligently and is never presumed from a silent record. State v. Burton, 540 So.2d 1023 (La.App. 2d Cir.1989). In State v. Cheatham, 519 So.2d 188 (La.App. 4th Cir.1987), writ denied, 523 So.2d 228 (1988), the court found that a waiver was appropriate where the minutes reflected that the defendant, in proper person, waived his right to trial by jury. Given the express waiver of jury trial made by Marvin, we find no error patent.
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform defendant. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the ease for resentencing. State v. Cox, 604 So.2d 189 (La.App. 2d Cir.1992); LSA-C.Cr.P. Arts. 921, 930.8 C. The district court is directed to give defendant written notice of the prescriptive period for applying for post-conviction relief within ten days of the rendition of this opinion and to file defendant’s receipt of such notice in the record of the proceedings. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).
CONCLUSION
For the foregoing reasons, Marvin Clay’s conviction and sentence are affirmed.
AFFIRMED.