726 So.2d 1112 (1999)
STATE of Louisiana
v.
Michael BRUAL.
No. 98-KA-657
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
*1113 Bruce G. Whittaker, Louisiana Appellate Project, Gretna, Attorney for Appellant.
Paul D. Connick, Jr., District Attorney, Alison Wallis, Terry M. Boudreaux, Assistant District Attorneys, Gretna, Attorneys for State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and SUSAN M. CHEHARDY.
CHEHARDY, Judge.

STATEMENT OF THE CASE

On March 6, 1997, the Jefferson Parish District Attorney filed a bill of information charging the defendant, Michael Brual, with simple burglary, a violation of LSA-R.S. 14:62. The defendant was arraigned and pled not guilty.
A bench trial was held on November 6, 1997, after which the trial judge found the defendant guilty as charged. On November 14, 1997, the defendant made an oral motion for a new trial. On the same day, the trial court denied the motion, then sentenced the defendant to twelve years at hard labor. The defendant thereafter made an oral motion to reconsider sentence. The court denied the motion. Defendant filed an oral motion for appeal, which was granted that day.
The state filed a multiple offender bill of information on December 12, 1997, alleging defendant to be a third felony offender. On June 5, 1998, the state amended the bill to eliminate one of the two predicate offenses. On that day, defendant admitted to the allegations in the amended multiple offender bill. The trial court vacated defendant's original sentence, and re-sentenced him as a second felony offender to twelve years at hard labor without benefit of parole, probation or suspension of sentence. The court gave defendant credit for time served. Upon imposition of the habitual offender sentence, defendant orally reasserted his intention to appeal.

FACTS
At about 12:30 a.m. on January 29, 1997, Linda Smith drove her yellow 1986 Oldsmobile Cutlass automobile on an errand to a local store. Shortly thereafter, she returned to her home on South Saratoga in New Orleans, parked her car, and secured it before retiring for the night. At 8:00 a.m. that morning, Ms. Smith left her house to go to work, and discovered her car was missing. She called the New Orleans Police Department to report an auto theft.
On the night of January 31, 1997, Joseph Chaisson, a patrol officer with the Jefferson Parish Sheriff's Office, responded to a report of a disturbance at 308 Georgetown in Avondale. When Chaisson arrived at that address, the occupants of the house told him they did not know of any disturbance. As the officer left the residence, he noticed two men inside a car parked on the street. The men, who were later identified as Glenn Feist and defendant, Michael Brual, appeared to be working on the car. Chaisson did not think this unusual, as it was a common practice for people in that neighborhood to work on their cars at night.
Ten to fifteen minutes after he left Georgetown, Chaisson received a call about a yellow *1114 vehicle being stripped in front of 308 Georgetown. The officer returned to that address and parked his police unit several yards behind the car occupied by defendant and Feist. He observed that the car's doors had been removed, and the men were inside the car. Chaisson exited his unit, and as he did so defendant and Feist exited the car.
Upon closer inspection, Chaisson noted that a good deal of damage had been done to the car. The front hood and trunk door were missing. The back seats were gone, the front seats were lying back and the dashboard had been dismantled. Chaisson ordered defendant and Feist to show their hands and to walk to the front of the police unit. As the suspects complied, Chaisson noticed that defendant had a vise grip and a socket wrench in his hands, while Feist held a screwdriver.
Chaisson ran a check on the car's vehicle identification number and discovered the car had been reported stolen. He placed defendant and Feist under arrest. Criminal charges against defendant and Feist followed.[1]

ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in permitting appellant to proceed to trial before the Judge without first obtaining from him a valid waiver of his right to trial by jury.

DISCUSSION
The offense for which defendant was convicted, simple burglary, is punishable by a term of up to twelve years, with or without hard labor. La. R.S. 14:62. Louisiana Constitution Article I § 17 and La.C.Cr.P. art. 782 provide that a case in which the punishment may be confinement at hard labor shall be tried before a jury composed of six persons, unless the defendant "knowingly and intelligently" waives his right to a trial by jury. See also La.C.Cr.P. art. 780. Waiver of the right to a trial by jury is never presumed. State v. McCarroll, 337 So.2d 475 (La.1976); State v. Jackson, 95-423 (La.App. 5 Cir.11/15/95), 665 So.2d 467; State v. Cappel, 525 So.2d 335 (La.App. 1 Cir.1988), writ denied, 531 So.2d 468 (La.1988).
Where no valid jury waiver is found in the record, Louisiana courts have traditionally set aside the defendant's conviction and remanded for a new trial. State v. Williams, 404 So.2d 954 (La.1981); State v. Miller, 517 So.2d 1113 (La.App. 5 Cir.1987), writ denied, 523 So.2d 1335 (La.1988). However, in more recent decisions, the preferred procedure is to remand the case to the trial court for an evidentiary hearing on the issue of whether a valid jury waiver was obtained. State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963; State v. Stoltz, 98-235 (La.App. 5 Cir.8/25/98), 717 So.2d 1243; State v. James, 94-720 (La.App. 5 Cir.5/30/95), 656 So.2d 746.
In the instant case, the April 2, 1997 minute entry of defendant's arraignment does not state whether defendant was advised of his right to a jury trial. The only evidence of a jury waiver in the record is a statement by defense counsel just prior to opening statements at trial that "at this time the defense will waive the jury and request a judge trial."[2]
After a thorough review of the record, we find that this statement by defense counsel, on its own, is not a valid waiver of defendant's constitutional right to a trial by jury. We will therefore remand this case to the trial court for an evidentiary hearing on the question of whether defendant validly waived his right to a jury trial through counsel in open court and in defendant's presence before trial. If the evidence shows that defendant did not make a valid waiver of his right to a jury trial, the trial court must set aside his conviction and sentence and grant him a new trial. Defendant may appeal from any adverse ruling on the waiver issue. See State v. Nanlal, supra, 97-0786 at p. 1, 701 So.2d at 963, and the cases cited therein.

ERRORS PATENT DISCUSSION
Pursuant to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. *1115 Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La. 1983), the record was reviewed for errors patent. Instead of pretermitting a discussion of errors patent pending the remand for an evidentiary hearing, we notice the following two errors in the record, which must be corrected by the trial court if, after the evidentiary hearing, defendant is found to have validly waived his right to a trial by jury.
Initially, we note that the original commitment of November 14, 1997 contains a clerical error. It improperly states that "DEFENDANT WITHDREW HIS/HER FORMER PLEA OF NOT GUILTY AND TENDERED A PLEA OF CONVICTED BY JUDGE ON 11 4 97 TO R.S. 14:62 SIMPLE BURGLARY AND SENTENCE IS MADE EXECUTORY THIS DAY WHICH PLEA WAS ACCEPTABLE TO THE STATE." The entry does not clearly convey that defendant was found guilty of simple burglary after a bench trial, and that defendant did not enter a guilty plea. The trial court is therefore ordered to amend the November 14, 1997 commitment to clearly reflect that defendant was convicted of simple burglary after a bench trial.
Finally, we note that the trial court erred in imposing defendant's June 5, 1998 multiple offender sentence without the benefit of parole. La. R.S. 15:529.1 G provides that "[a]ny sentence imposed under the provisions of this Section shall be without benefit of probation or suspension of sentence." The statute does not prohibit parole eligibility for multiple offenders. "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." La.C.Cr.P. art. 882 A; State v. Combs, 600 So.2d 751 (La. App. 2 Cir.1992), writ denied, 604 So.2d 973 (La.1992); State v. Johnson, 551 So.2d 16 (La.App. 4 Cir.1989). The trial court is therefore ordered to amend defendant's June 5, 1998 sentence to strike the prohibition against parole eligibility.
As there are no other errors assigned in defendant's appellate brief, nor are there any reversible errors patent in the record, we conditionally affirm defendant's November 6, 1998 conviction of violating La. R.S. 14:62, simple burglary, and defendant's subsequent conviction and sentence as a multiple offender, as amended. The matter is remanded to the trial court for an evidentiary hearing on the issue of whether defendant validly waived his right to a trial by jury. If the trial court finds that a jury trial was validly waived, the trial court is ordered to correct the record by amending the November 14, 1997 commitment to clearly reflect that defendant was convicted of simple burglary after a bench trial and by amending defendant's June 5, 1998 sentence to strike the prohibition against parole eligibility.
CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] While defendant and Feist were charged in the same March 6, 1997 bill of information, Feist testified in the instant trial that he pled guilty to burglary in connection with this case.
[2] Defendant's appellate counsel is not the same attorney who represented defendant at trial.