840 So.2d 675 (2003)
STATE of Louisiana, Appellee,
v.
Calvin Ray FEASTER, Appellant.
No. 36,868-KA.
Court of Appeal of Louisiana, Second Circuit.
March 5, 2003.
*676 G. Paul Marx, Lafayette, Angela G. Waltman, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, R. Randall Smith, Assistant District Attorney, for Appellee.
Before BROWN, CARAWAY and PEATROSS, JJ.
CARAWAY, J.
Following a serious traffic accident, the defendant in this criminal case pled guilty to one count of DWI, third offense, and two counts of first degree vehicular negligent injuring. He was sentenced to five years imprisonment at hard labor for each count, to run consecutively. On appeal, the defendant argues that the sentence for the DWI is illegal and that the others are excessive and in violation of La.C.Cr.P. art. 883. For the foregoing reasons, we affirm in part, reverse in part, and remand for re-sentencing on the DWI, third offense, conviction.

Facts
On July 22, 2001, the defendant was driving his vehicle on La. 164 near La. 614 in Bossier Parish, Louisiana. The defendant then lost control of his vehicle and crashed, head-on, with another vehicle. Five other people were seriously injured as a result of the accident, two of whom sustained life-threatening injuries.
The defendant was transported to LSU Medical Center where a blood-alcohol test was performed. His blood-alcohol level was .15 grams of alcohol per one hundred cubic centimeters of blood; he was charged with one count of driving while intoxicated ("DWI"), pursuant to La. R.S. 14:98, and five counts of first-degree vehicular negligent injuring, pursuant La. R.S. 14:39.2. As the result of a plea bargain entered on November 19, 2001, the defendant then pled guilty to the DWI, third offense, and to two counts of first-degree vehicular negligent injuring.
The trial judge, at sentencing, considered a pre-sentencing investigation report (PSI). The court noted that the defendant had caused critical injuries to the occupants of both vehicles involved in this traffic collision. Defendant had prior convictions for simple burglary, the probationary sentence for which later was revoked, plus *677 convictions for disturbing the peace, simple battery, the two pertinent DWI offenses, flight from an officer, simple escape, drinking in public, disturbing the peace (drunk) and simple theft. Defendant denied having a problem with alcohol. He had never married but claimed to have four children. The court found that there was an undue risk that the defendant would commit other crimes if granted probation, and that he was in need of correctional treatment in a custodial environment.
The defendant received the maximum amount of time (five years at hard labor) for each count, to run consecutively. On appeal, the defendant argues that the sentences of the trial court were excessive and that the trial court applied the wrong law when sentencing him.

Discussion
In reference to the two counts of first degree vehicular negligent injuring, La. R.S. 14:39.2 provides, in pertinent part, the following:
A. First degree vehicular negligent injuring is the inflicting of serious bodily injury upon the person of a human being when caused proximately or caused directly by an offender engaged in the operation of, or in actual physical control of, any motor vehicle, aircraft, watercraft, or other means of conveyance whenever any of the following conditions exists:
(1) The offender is under the influence of alcoholic beverages.
(2) The offender's blood alcohol concentration is 0.08 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood.
* * *
D. Whoever commits the crime of first degree vehicular negligent injuring shall be fined not more than two thousand dollars or imprisoned with or without hard labor for not more than five years, or both.
Since the offenses in this case arise from the same incident, La.C.Cr.P. art. 883 governs the imposition of consecutive sentences, as follows:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.
"Although La.C.Cr.P. art. 883 favors imposition of concurrent sentences for crimes committed as part of the same transaction or series of transactions, a trial court retains the discretion to impose consecutive penalties in cases in which the offender's past criminality or other circumstances in his background ... justify treating him as a grave risk to the safety of the community." State v. Walker, 00-3200 (La.10/12/01), 799 So.2d 461. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La. 1983); State v. McKenzie, 36,580 (La. App.2d Cir.10/23/02), 830 So.2d 478; State v. Thompson, 25,583 (La.App.2d Cir.1/19/94), 631 So.2d 555; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988).
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the *678 guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dallas, 36,397 (La App.2d Cir. 11/6/02), 830 So.2d 1113. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not a rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Hudgins, supra.
Whether a sentence is too severe depends on the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Dallas, supra; State v. Tuttle, 26,307 (La.App.2d Cir.9/21/94), 643 So.2d 304.
As a general rule, maximum or near maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Gay, 36,357 (La. App.2d Cir.10/23/02), 830 So.2d 356; State v. Walker, 573 So.2d 631 (La.App. 2d Cir. 1991); State v. Madison, supra. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Strange, supra.
Defendant's history of alcohol-related offenses and his unwillingness to admit that he has a substance abuse problem gave the trial court an articulable and particularized basis for concluding that defendant was a dangerous repeat offender for whom consecutive terms of imprisonment were appropriate. The trial court found that he posed a grave risk to the safety of the community. We find that the consecutive sentences were not in violation of the provisions of Article 883 as interpreted by our supreme court in Walker. The trial court appropriately found that a lesser sentence would deprecate the seriousness of the offenses.
Our review of the record discloses that the defendant was driving without a valid driver's license. He received a substantial benefit from his plea bargain. The individual sentences imposed are within the statutory range available to the trial court and, under the circumstances, are not excessive. We find that the trial court's imposition of consecutive five-year sentences on the two charges of first degree vehicular negligent injury is not excessive punishment in this case.
Regarding the DWI sentence, however, the trial court imposed sentence on June 10, 2002, immediately before the ruling of the Louisiana Supreme Court in State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526. Therefore, although the former penalty for DWI, third offense, allowed for the five-year sentence imposed by the trial court, the new penalty for that offense, which became effective on August 15, 2001, after the present offense, is applicable under the Mayeux ruling. The applicable sentencing provision following the 2001 change of law is set forth under La. R.S. 14:98(D)(1)(a), is as follows:
D. (1)(a) On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before *679 or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years and shall be fined two thousand dollars. Thirty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder.
Accordingly, the sentence imposed for the DWI conviction must be vacated pursuant to the Mayeux ruling.

Conclusion
For the foregoing reasons, the sentences for first degree negligent vehicular injuring are affirmed. The sentence imposed for the DWI offense is vacated and the matter is remanded for further proceedings in accordance with State v. Mayeux, supra.
CONVICTIONS AFFIRMED; SENTENCE FOR DWI VACATED; REMANDED.