942 So.2d 1196 (2006)
STATE of Louisiana, Appellee,
v.
Ronnie DAVIS, Appellant.
No. 41,180-KA.
Court of Appeal of Louisiana, Second Circuit.
November 3, 2006.
*1198 Louisiana Appellate Project by Sherry Watters, for Appellant.
Paul J. Carmouche, District Attorney, Tommy J. Johnson, Jason T. Brown, Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART, and MOORE, JJ.
STEWART, J.
The defendant, Ronnie Davis, was convicted of possession of a Schedule II controlled dangerous substance, cocaine, and possession of a Schedule I controlled dangerous substance, MDMA (Ecstasy). He was sentenced to serve consecutive sentences of five years for the cocaine conviction and one year for the Ecstasy conviction. The defendant now appeals. For the reasons that follow, we affirm his convictions and sentences.

FACTS
At approximately 4:00 a.m. on July 20, 2004, Shreveport police officers Justin White and Robin Robinson were patrolling the Allendale area of Shreveport when they observed a physical confrontation between two black males. Because it seemed as if the two were about to get into a fight, the officers confronted them. As Officer White grabbed one of the men, Officer Robinson gave several loud verbal commands to the other, who was later identified as the defendant. Officer Robinson testified that he ordered the defendant to place his hands on top of his vehicle, and the defendant complied. As Officer Robinson performed a patdown of the defendant, he observed an object fall from the top of the vehicle down to the ground. Officer White also observed the object fall. The defendant appeared to conceal the baggy on the ground with his foot, and attempted to mash it into the ground with his foot. Officer Robinson described the object as a plastic baggy containing three pills.
The defendant began to resist as the officers attempted to handcuff him. The defendant elbowed Officer Robinson in his chest and fought to get free. Officer White drew his Taser and ordered the defendant to stop and get on the ground, but the defendant broke free and fled. Officer White recovered the baggy from *1199 the ground and pursued the defendant. The defendant was ultimately confronted again by Officer White. He was apprehended, handcuffed, and taken into custody. The baggy was later determined to contain cocaine and Ecstasy. The defendant denied possessing any drugs.
No motion to suppress evidence was filed on behalf of the defendant. During the bench trial on the merits, both officers and the defendant testified regarding the facts and circumstances surrounding the crime. The exhibits were admitted into evidence without objection. The defendant was found guilty as charged on both counts.
No motion to reconsider sentence was filed on behalf of the defendant. At the sentencing hearing the trial court first took a guilty plea from the defendant on a simple escape charge. Thereafter, the defendant was sentenced to serve five years imprisonment at hard labor for possession of a Schedule II controlled dangerous substance, cocaine, and one year at hard labor for possession of a Schedule I controlled dangerous substance, Ecstasy. The sentences were ordered to be served consecutively.

DISCUSSION
Motion to Suppress
The defense argues that the trial court erred in denying the defendant's motion to suppress. The state correctly notes that no motion to suppress was ever filed on the defendant's behalf. Furthermore, a review of the record reflects that no objections to the admission of the evidence were made during trial.
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La. C. Cr. P. art. 841; State v. Smith, 39,698 (La.App.2d Cir.6/29/05), 907 So.2d 192; State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Hamilton, 594 So.2d 1376 (La.App. 2d Cir.1992). Hence, this assignment of error will not be considered because this alleged error was not preserved for appellate review.
This assignment is therefore without merit.
Waiver of the right to jury trial
The court minutes for August 19, 2004, reflect that the defendant was present in court with counsel when he waived arraignment and pled not guilty. The trial court informed the defendant that he may waive trial by jury and elect to be tried by the court. The court minutes for January 25, 2005, reflect that the defendant, present with counsel, waived his right to a jury trial and elected to be tried by a judge.
The transcript for January 25, 2005, reveals that the defendant's case was called for a jury trial and through defense counsel, Mr. Lester, the defendant waived the right to a jury trial:
Mr. Lester: We are prepared, Your Honor. We are going to waive the jury trial. I talked to my client last night. I found out last night that, Your Honor, did not do the probable cause hearing for Mr. Davis and Judge Bryson was on the bench then. We would ask for a transcript of it. We would ask to start maybe tomorrow morning or tomorrow afternoon?
The Court: Wait a minute. Let me get this straight. This is my jury trial week.
Mr. Lester: Yes, sir.

*1200 The Court: That you, now, at this last minute decide that you want to waive my jury trial and you have the audacity to tell me now you don't want now, you want
Mr. Lester: We are asking, Your Honor. We are not telling you anything. We are asking.
The Court: Mr. Brown, what's the deal?
Mr. Brown: The State is ready to have a jury trial, Your Honor. The jurors are waiting.
The Court: They sure are. But he has a right to waive the jury trial. I haven't found anything in the law, yet, that allows me to deny that.
Mr. Brown: That's within the Court's discretion, Your Honor, as to whether or not to do that. It certainly is beyond the motion dates or any motion dates would be within fifteen days of arraignment.
The Court: That's the problem. Unfortunately, the Court has to set, if we are to do itand I don't know whether or not I even did it. We would have to set a time limit to make that election and we don't generally do that. We just say you have a right to a jury trial.
Mr. Brown: That's true. There is one by statute, Your Honor. There is fifteen days by statute unless the Court determines otherwise, or as general practice we sometimes will do a late date to allow defense counsel an opportunity to file any motions.
The Court: All right. So then basically, what you need to do isare you objecting to his request for a bench trial?
Mr. Brown: I think it is a delay tactic, Your Honor, from defense counsel to go to trial.
Mr. Lester: Until tomorrow?
The Court: My question is regarding the jury trial.
Mr. Brown: Oh. The question regarding the jury trial?
The Court: Yes. Did you see in the statute that he has fifteen days to make the election?
Mr. Brown: Well, the normal motions, the time limitations on motions are within fifteen days of arraignment to file any motions, any motion to suppress, motion for a bench trial and the like; however, it's within the Court's discretion. A defendant may make a motion at any time and the Court may choose to hear that.
The Court: I have you covered, Mr. Brown. I just thought you said something else. Okay. I was about to find the law but I can see right now there is no such law. Okay. Now, having taken care of that. Now, when are we going to set this matter for a bench trial?
* * *
The defense argues that the record does not contain any notation that the court personally addressed the defendant regarding the waiver of a jury trial, and notes that the trial court never undertook a colloquy with the defendant. It contends that without the express waiver, after a colloquy on record, it was error to conduct a bench trial. The defense concludes that the conviction and sentence must be reversed.
The state argues that the record is not silent on the issue of waiver. It observes that the defendant, through counsel, waived a jury trial on the date of trial, *1201 apparently as a strategy to gain a delay. The state argues that the record indicates that the defendant did not want a trial by jury. It argues, in the alternative, that a remand for an evidentiary hearing would be preferable.
A defendant may waive his right to a jury trial and elect to be tried by the judge. La. C. Cr. P. art. 780. Generally, the waiver is to be entered at arraignment. However, the trial judge may accept a waiver of a jury trial at any time prior to the commencement of trial. La. C. Cr. P. art. 780(B). A waiver of trial by jury is valid only if the defendant acted voluntarily and knowingly. State v. Kahey, 436 So.2d 475, 486 (La.1983); State v. Richardson, 39,456 (La.App.2d Cir.3/2/05), 896 So.2d 257, writ denied, XXXX-XXXX (La.11/29/05), 916 So.2d 165; State v. Lokey, 04-616 (La.App. 5th Cir.11/30/04), 889 So.2d 1151, writ denied, XXXX-XXXX (La.5/6/05), 901 So.2d 1093. Because of the importance attached to the right to a jury trial, a trial judge must exercise great care in allowing a criminal defendant to waive the right. La. C. Cr. P. art. 780; State v. Kahey, supra; State v. Richardson, supra.
The court in State v. Wilson, 437 So.2d 272 (La.1983), elaborated:
The right to trial by jury is protected by La. Const. Art. I, § 17 (1974). Except in capital cases, the defendant may knowingly and intelligently waive trial by jury and elect to be tried by the judge. As in the case of other significant rights, however, waiver of trial by jury is valid only if the defendant acted voluntarily and knowingly. In order to protect this valuable right, as well as to prevent postconviction attacks on the waiver, the better practice is for the trial judge to advise the defendant personally on the record of his right to trial by jury and require the defendant to waive the right personally either in writing or by oral statement in open court on the record. By this procedure, the trial judge not only insures that an express waiver is recorded, but also assures that the waiver is made voluntarily and knowingly. (Citations and footnote omitted.)
Although it remains the preferred method for the district court to advise a defendant of the right to trial by jury in open court before obtaining a waiver, such a practice is not statutorily required. State v. Pierre, 2002-2665 (La.3/28/03), 842 So.2d 321. Likewise, it is preferred, but not necessary, for the defendant to waive the right to jury trial personally. State v. Pierre, supra; State v. Wolfe, 98-0345 (La.App. 4th Cir.4/21/99), 738 So.2d 1093, 1097, writ denied, XXXX-XXXX (La.12/10/99), 756 So.2d 281. Counsel may waive the right on the defendant's behalf, provided that the defendant's decision to do so was made knowingly and intelligently. Id. Also see State v. Kahey, supra; State v. Phillips, 365 So.2d 1304 (La.1978); State v. Muller, 351 So.2d 143 (La.1977); State v. Arnold, 30,282 (La. App.2d Cir.1/21/98), 706 So.2d 578.
This court in Arnold, supra, discussed situations in which defense counsel waived the right to a jury trial on behalf of the defendant:
In the Muller case, cited in Kahey, the supreme court affirmed a lower court's reversal of a conviction where an attorney waived the defendant's right to a jury trial in the absence of the defendant and the defendant thereafter had a bench trial. In State v. Morris, 607 So.2d 1000 (La.App. 3rd Cir.1992) (Footnote *1202 omitted), writ granted and reversed on other grounds, 615 So.2d 327 (La. 1993), the third circuit reversed a defendant's conviction in a case where the record, as here, contained only an attorney-filed motion to waive trial by jury. The court distinguished this case from other cases where attorney-filed motions to waive jury trial were found sufficient on the grounds that, in those cases, the record reflected the defendant's presence in court at the time the motion was made. In the [State v.] Clay [,623 So.2d 211 (La.App. 2d Cir.1993)] case, supra, this court recognized that a waiver of trial by jury is likely to be effective whenever it is made by the defendant personally.
Where no valid jury waiver is found in the record, Louisiana appellate courts have traditionally set aside the defendant's conviction and remanded for a new trial. State v. Williams, 404 So.2d 954 (La.1981); State v. Miller, 517 So.2d 1113 (La.App. 5th Cir.1987), writ denied, 523 So.2d 1335 (La.1988). However, in more recent decisions, the preferred procedure is to remand the case to the trial court for an evidentiary hearing on the issue of whether a valid jury waiver was obtained. State v. Brual, 98-657 (La.App. 5th Cir.1/26/99), 726 So.2d 1112; State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963; State v. Stoltz, 98-235 (La.App. 5th Cir.8/25/98), 717 So.2d 1243; State v. James, 94-720 (La.App. 5th Cir.5/30/95), 656 So.2d 746.
It can be argued that the record sub judice is not silent regarding the defendant's waiver of his right to trial by jury, and, in fact, indicates his voluntary and knowing waiver. The minute entries reflect that the defendant was present with counsel at arraignment when the trial court informed the defendant that he may waive trial by jury and elect to be tried by the court, and was also present with counsel in court on January 25, 2005, when he waived his right to a jury trial and elected to be tried by a judge. There is no discrepancy between the transcript of the January 25, 2005, proceeding and the minute entry. The transcript indicates that defense counsel talked with the defendant the night before and, informed the court that "we are going to waive the jury trial." Although we caution the trial court against conducting colloquies with the defense counsel without a personal waiver from the defendant himself as it is preferable and more explicit for the court to advise a defendant of the right to trial by jury in open court before obtaining a waiver, such a practice is not statutorily required. See State v. Pierre, supra. Likewise, it is preferred, but not necessary, for the defendant to waive the right to jury trial personally. State v. Pierre, supra; State v. Wolfe, supra. Defense counsel may waive the right on the defendant's behalf, provided that the defendant's decision to do so was made knowingly and intelligently. Id. Also see State v. Kahey, supra. The record shows that the defendant waived a jury trial to gain an advantage  a delay before commencement of trial. In fact, there was much discussion by the trial court regarding whether this waiver could be denied. Under the particular facts of this case, the record supports a finding that the defendant made a valid waiver of his jury trial. This assignment is without merit.
Excessive Sentence
The defense argues that the sentences are excessive considering the small amount of drugs involved and the fact that his last criminal conviction was more than ten years earlier. It notes that the sentencing *1203 court mentioned none of the sentencing factors. The defense also claims that the imposition of consecutive sentences in this case was unconstitutionally excessive. It concludes that the sole basis for the sentence appears to be that the defendant chose to go to trial.
The state notes the defense's failure to file a motion to reconsider sentence. It submits that the pre-sentence investigation report contains sufficient information to support the sentences imposed. The state also notes that the defendant resisted arrest and ran from the scene.
Possession of cocaine is punishable by imprisonment with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars. La. R.S. 40:967(C)(2). Possession of Ecstasy is punishable by imprisonment at hard labor for not more than ten years, and may in addition, require the payment of a fine of not more than five thousand dollars. La. R.S. 40:966(C)(3). Hence, the defendant received the maximum sentence of imprisonment for possession of cocaine, but a low-range prison sentence for possession of Ecstasy.
The defendant's sentences were ordered to run consecutively. "Although La. C. Cr. P. art. 883 favors imposition of concurrent sentences for crimes committed as part of the same transaction or series of transactions, a trial court retains the discretion to impose consecutive penalties in cases in which the offender's past criminality or other circumstances in his background . . . justify treating him as a grave risk to the safety of the community." State v. Walker, 00-3200 (La.10/12/01), 799 So.2d 461; State v. Feaster, 36,868 (La. App.2d Cir.3/5/03), 840 So.2d 675. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La. 1983); State v. Feaster, supra.
When, as here, a defendant fails to file a La. C. Cr. P. art. 881.1 motion to reconsider sentence, the appellate court's review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La. 1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
A review of the entire record, including the defendant's pre-sentence investigation report and the facts and circumstances surrounding the instant offenses, supports the finding that the defendant's sentences are not constitutionally excessive. These legal sentences are neither grossly disproportionate to the severity of the offenses, nor are they shocking to the sense of justice for this repeat offender who admitted no guilt. See State v. Lobato, supra; State v. White, supra. Finding no abuse of discretion, we will not set aside the sentences as excessive. See State v. Square, supra; State v. Feaster, supra.
This assignment of error is without merit.

CONCLUSION
For the foregoing reasons, we affirm the defendant's convictions and sentences.
AFFIRMED.