945 So.2d 959 (2006)
STATE of Louisiana, Plaintiff-Appellee,
v.
David HICKS, Defendant-Appellant.
No. 41,906-KA.
Court of Appeal of Louisiana, Second Circuit.
December 20, 2006.
*960 David Hicks, for Appellant, Pro Se.
Sherlyn Shumpert, Assistant City Prosecutor, for Appellee.
Before WILLIAMS, CARAWAY and SEXTON (Pro Tempore), JJ.
PER CURIAM.
This court's error patent review reveals a jurisdictional error that requires we assign this appeal for summary disposition without oral argument under URCA 2-11.3. The record is silent and insufficient to support defendant's knowing and intelligent waiver of his right to a jury trial.
Following an incident and altercation involving the defendant's dogs, the defendant was cited for no rabies vaccinations (Shreveport City Code Sec. 14-161), dogs running loose (Shreveport City Code Sec. 14:142), simple battery of an officer (La. R.S. 14:34.2) and interference with a public officer (Shreveport City Code Sec. 50-160). After a bench trial in Shreveport Municipal Court wherein the defendant was unrepresented by counsel, the defendant was found guilty on all four charges. For battery of an officer, the defendant was sentenced to serve 25 days in jail, all but 15 days suspended, and fined $500.00 plus court costs. For interference with a public officer, he was fined $250.50 or to serve 25 days in jail plus court costs of $83.50. For each of the animal code convictions (dogs running loose and no vaccinations), the defendant was sentenced to pay a fine of $50.00 or to serve two days in jail on each count. All sentences were ordered to run consecutively. This appeal followed.
The defendant may appeal to the court of appeal from a judgment in a criminal case triable by jury. La. C. Cr. P. art. 912.1(B)(1). Article 1, § 17 of the Louisiana Constitution stipulates that crimes for which the punishment may be confinement for more than six months must be tried by a jury except when, in noncapital cases, *961 the defendant knowingly and intelligently waives his right to a jury trial. See also La. C. Cr. P. arts. 780 and 782. A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of $1,000.00 or imprisonment for more than six months, shall be tried by a jury of six jurors. La. C. Cr. P. art. 779(A). In those instances when more than one misdemeanor offense is charged by separate bills of information, but are consolidated for trial, the aggregate possible punishments are determinative of whether the defendant is entitled to a jury trial. State v. Hornung, 620 So.2d 816, 817 (La.1993); State v. Vu, 02-1243 (La. App. 5th Cir.4/8/03), 846 So.2d 67.
In the instant case, the charges were all instituted by separate charging instruments and were consolidated for trial. Hence, this case is appealable because the aggregate of the possible jail time for battery of an officer, a violation of La. R.S. 14:34.2(B)(1), and interference with a public officer, a violation of Shreveport City Code Sec. 50-160, is more than six months, thereby requiring trial by a jury of six persons. La. C. Cr. P. arts. 779(A) and 912.1(B)(1); State v. Hornung, supra; State v. Vu, supra.
A defendant's knowing and intelligent waiver of his right to a jury trial must be sufficiently demonstrated by the record. State v. Muller, 351 So.2d 143 (La.1977); State v. McCarroll, 337 So.2d 475 (La.1976). See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Every reasonable presumption must be indulged against the waiver of the fundamental right to a trial by jury. State v. McCarroll, supra. A waiver of a right to jury trial must be expressed and will never be presumed from a silent record. State v. Wilson, 437 So.2d 272 (La.1983); State v. McCarroll, supra. On appeal, the record must show some manifestation of an effective waiver. State v. Muller, supra. See State v. Mandigo, 29913 (La.App.2d Cir.10/31/97), 702 So.2d 351.
This court notes and the defendant argues that the record is silent and insufficient to support defendant's knowing and intelligent waiver of his right to a jury trial. Pursuant to this court's order, the prosecutor's response provided no evidence to support the finding of a valid waiver, but acknowledging that the trial court "may" have erred. Considering the foregoing, the defendant's convictions and sentences are hereby vacated by summary disposition without oral argument as per URCA 2-11.3. This matter is remanded for further proceedings.