# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA07-1468

CITY OF ABBEVILLE

VERSUS

RONNIE TRAHAN

**********

APPEAL FROM THE
ABBEVILLE CITY COURT
PARISH OF VERMILION, NO. CT-80129
HONORABLE EDWARD B. BROUSSARD

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy H. Ezell, Judges.

**APPEAL DISMISSED.  DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION**.

Mr. Bart Bellaire
City Prosecutor
P.O. Box 217
Many, LA 71449
(337) 893-2884
COUNSEL FOR APPELLEE:
    City of Abbeville

Mr. Preston M. Summers
P.O. Box 86
Abbeville, LA 70511
(337) 893-0169
COUNSEL FOR APPELLANT:
    Ronnie Trahan

**Peters, J.**

On August 29, 2007, the defendant, Ronnie Trahan, was found guilty of resisting an officer, a violation of La.R.S. 14:108, and playing loud music, a violation of Abbeville City Ordinance 13-23.7. The trial court ordered him to pay a fine of $100.00 plus cost of court for resisting an officer. In the event of default of the payment of the fine, the trial court ordered him to serve three days in jail. The trial court also ordered the defendant to pay a fine of $25.00 plus cost of court for playing loud noise. In default of that payment, the trial court ordered him to serve twenty-four hours in jail.

The defendant filed a motion for appeal on September 5, 2007. The trial court issued an order granting the appeal on September 7, 2007. On November 21, 2007, this court issued a rule to show cause why the appeal should not be dismissed, "as the judgment at issue is not an appealable judgment." In accordance with this court's order, the defendant filed a pleading in which he alleged that La.Code Crim.P. art. 912.1 was inapplicable because he was charged with two crimes for which the cumulative penalty exceeded six months.

> The defendant may appeal to the court of appeal from a judgment in a criminal case triable by jury. La. C. Cr. P. art. 912.1(B)(1). Article 1, § 17 of the Louisiana Constitution stipulates that crimes for which the punishment may be confinement for more than six months must be tried by a jury except when, in noncapital cases, the defendant knowingly and intelligently waives his right to a jury trial. See also La C. Cr. P. arts. 780 and 782. A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of $1,000.00 or imprisonment for more than six months, shall be tried by a jury of six jurors. La. C. Cr. P. art. 779(A). In those instances when more than one misdemeanor offense is charged by separate bills of information, but are consolidated for trial, the aggregate possible punishments are determinative of whether the defendant is entitled to a jury trial. *State v. Hornung*, 620 So.2d 816, 817 (La.1993); *State v. Vu*, 02-1243 (La.App. 5th Cir.4/8/03), 846 So.2d 67.

*State v. Hicks*, 41,906, pp. 1-2 (La.App. 2 Cir. 12/20/06), 945 So.2d 959, 960-61.

However, when "two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty

that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than one thousand dollars, or both." La.Code Crim.P. art. 493.1.

In this case, the two misdemeanors were charged in a single citation, thus, limiting the defendant's sentencing exposure pursuant to La.Code Crim.P. art. 493.1. Accordingly, the defendant was not entitled to a jury trial and is, therefore, not entitled to seek review of his convictions by appeal to this court.

Louisiana Revised Statutes 13:1896 provides that:

Review or appeal of a judgment in any criminal case tried under a state statute in city, parish or municipal courts shall be provided in Article 912.1 of the Louisiana Code of Criminal Procedure. Review of a judgment in any other criminal case tried in a city, parish or municipal court shall be by appeal to the district court of the parish in which the court of original jurisdiction is located, except in those cases which are appealable to the Supreme Court under the provisions of the Constitution. These appeals shall be on the law alone.

Pursuant to La.Code Crim.P. art. 912.1 and La.R.S. 13:1896, the defendant may seek review of his conviction for resisting an officer with this court by application for writ of supervisory review. Additionally, the authority to review the defendant's conviction for loud noise, which was a violation of a city ordinance, lies with the 15th Judicial District Court.

We find that the judgment at issue herein is not appealable. Therefore, the appeal in the above-captioned case is hereby dismissed. We grant the defendant permission to file a proper application for supervisory writs regarding his conviction for resisting an officer, in compliance with Uniform Rules—Courts of Appeal, Rule 4-3, as we construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS**

**WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**