CALLOWAY, J., Pro Tempore.
|,The defendant, Kevin Morris, was convicted at a bench trial of stalking, a violation of La. R.S. 14:40.2, and remaining after being forbidden, a violation of La. R.S. 14:63.3.- The trial court imposed concurrent sentences of six -months in the parish jail. Morris now appeals. Because the record shows that the defendant was entitled to a jury trial but does not reflect whether he validly waived that right, we remand this matter to the trial court for a hearing to determine whether the defendant waived his right to a jury trial.
FACTS
On August 4, 2013, Kristine Henderson, the defendant’s former girlfriend, called the police and complained that the defendant had been “hanging around [her] win *1029 dow all night” and acting “like he was trying to come in.” Officer Carson Jordan, of the Coushatta Police Department, investigated the complaint. When the defendant was spotted on a nearby road, he ran. Another officer apprehended him after a chase.
The state charged the defendant with three misdemeanors in two bills of information. The first bill charged the defendant with one count of stalking, which is pumshable by a fine of not less than $500 nor more than $1,000, arid,imprisonment for not less than 30 days nor more than one year for a first offense. La. R.S. 14:40.2(B)(l)(a). The second bilí charged him with one count of remaining after being forbidden, an offense punishable by a fine of not more than $500 or imprisonment in the parish jail for not more than six months, or both. La. R.S. 14’:63.3(B). The second bill also charged one count of resisting an officer, which is also punishable by a fine of not |2more than $500, imprisonment' for not more than six months, or both. La. R.S. 14:108(C).
The defendant was arraigned on September 24, 2013, Neither the "transcript of that proceeding nor the minutes reflect that the defendant was advised of or waived his right to a jury trial. All three counts were tried together at a bench trial on November 26, 2013. The state dismissed the charge of resisting ah officer during the trial, and the "trial judge found the defendant guilty of the remaining two charges. On January 29, 2014,- after denying the defendant’s pro se motion for post-verdict judgment of acquittal, the trial judge imposed concurrent sentences of six months in the parish jail, with credit for time served.
On February 26, 2014, the trial judge denied the defendant’s pro se motion for a new trial and granted his motion for an appeal. In two pro se assignments of error, the defendant challenges the sufficiency of the evidence in support of his convictions. Appellate counsel appointed for the defendant raises three assignments of error regarding the sufficiency of the evidence, an alleged violation of the defendant’s right of self-representation, and the failure to inform the defendant of his right to a jury trial or obtain a waiver thereof. Because the latter mentioned assignment of error concerning the defendant’s right to a jury trial has merit, we address it and pretermit discussion of the remaining assignments.
DISCUSSION
Article I, § 17 of the Louisiana Constitution stipulates that crimes for which the punishment may be confinement for more than six months must |abe tried by a jury except when, in noncapital cases, the defendant knowingly and intelligently waives his right to a jury trial. See also La. C. Cr. P. arts. 780 and 782. A defendant charged with a misdemeanor in which the punishment, as provided in the statute defining the offense, may be a fine in excess of $1,000 or imprisonment for more than six months, shall be tried by a jury of six jurors. La. C. Cr. P. art. 779(A); State v. Hicks, 41,906 (La.App.2d Cir.12/20/06), 945 So.2d 959. Where multiple misdemeanor offenses are charged by separate bills of information, but are consolidated for trial, the aggregate possible punishments are determinative of whether the defendant is entitled to a jury trial. Hicks, supra, citing State v. Hornung, 620 So.2d 816 (La.1993).
A defendant’s knowing and intelligent waiver of his right to a jury trial must be sufficiently demonstrated by the record. State v. Muller, 351 So.2d 143 (La.1977); Hicks, supra; State v. Davis, 41,180 (La.App.2d Cir.11/3/06), 942 So.2d 1196. The record on appeal must show *1030 some manifestation,of an effective waiver. Hicks, supra. Because the waiver of the right to a jury trial will not be presumed from a silent record, the waiver must be express. State v. Wilson, 437 So.2d 272 (La.1983); State v. Hicks, supra.
The defendant was charged with stalking, which alone carried a potential punishment greater than six months and entitled the defendant to a jury trial for that charge! Because the state tried the charges from the two bills together, this increased the defendant’s aggregate possible punishment and entitled him to a jury trial on the remaining charges.
LHaving reviewed the entire record» we cannot determine whether the defendant was advised of or waived his right to a jury trial. As it stands, the record is silent and insufficient to support the finding of a valid waiver ,by the defendant of his right to a jury trial.
‘ Citing State v. Booker, 98-0456 (La.App. 1st Cir.5/13/98), 780 So.2d 1070 and State v. Fryer, 96-2745 (La.App. 4th Cir.2/19/97), 691 So.2d 712, the' state argues that the denial of a jury trial should be considered harmless error and that remand would be a vain and useless thing under the facts presented. We disagree and find both cases distinguishable. ■
In Fryer, supra, the defendant was found guilty of two misdemeanors billed separately but tried together before' a judge. The defendant received a suspended six-month sentence for driving while intoxicated and a fine for reckless operation. Though the appellate court found that the defendant had a right to a jury trial, it did not remand the case. 'The court believed that because the defendant had merely been fined for reckless operation, he could not then be “sentenced to a term of imprisonment, because to do so would have a chilling effect on his right to review.” Here, Morris received prison time for both charges..
Booker, supra, is also distinguishable. In that case the defendant was acquitted of one of the two charges that were tried together in a bench trial. Thus, on remand, he would not be entitled to a jury trial on the remaining misdemeanor charge.
Though acknowledging that appellate courts have traditionally set aside’a conviction and remanded for a new trial where the record showed no | Bvalid jury trial waiver, the court in State v. Davis, supra, recognized that recent decisions have instead remanded the case for an evidentia-ry hearing on whether a valid jury trial waiver wás obtained. Id. See also State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963; State v. Brual, 98-657 (La.App. 5th Cir.1/26/99), 726 So.2d 1112.
. In accordance with the Nanlal and Davis procedures, we find that remand for a hearing to determine whether the defendant validly waived his right to a jury trial is appropriate. If the evidence shows that the defendant did not, waive his right to a jury trial, then the district court must set aside his conviction and sentence and grant him a new trial. If the trial court determines that the defendant made a valid waiver of ,his right to a jury trial, the defendant may then appeal and reassert the assignments of error not considered at this time. .
CONCLUSION
For these reasons, we remand the . matter .for further proceedings in accordance with this opinion.
REMANDED.